IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SANAA LIFESTYLE INC., a South Dakota Corporation; SANA AIJAZ, an individual; and SAIF AHMAD, an individual <br><br> *Plaintiffs,* <br><br> v. <br><br> VICTOR ROSSI, a Maryland Corporation; and MANISH SINGH, an individual <br><br> *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 1:19-cv-559 |

## COMPLAINT FOR DAMAGES

This is an action for breach of contract, actual fraud, and constructive fraud arising out of the business and personal relationship between the Plaintiffs and the Defendants. Plaintiffs Saif Ahmad ("Ahmad") and Sana Aijaz ("Aijaz") (husband and wife) had a long-standing friendship with Defendant Manish Singh ("Singh") the owner/operator of Victor Rossi. After lengthy discussions between Ahmad, Aijaz, and Singh, the three entered into a business relationship to import and resell designer fabrics and products. Ahmad and Aijaz created the business entity Sanaa Lifestyle Inc. ("Sanaa Lifestyle") as their corporate entity to conduct business with Victor Rossi and Singh. Over the period of approximately two years, Ahmad and Aijaz, individually and through Sanaa Lifestyle made payments to Singh individually and through Victor Rossi to import and resell designer fabrics and products and return Ahmad, Aijaz, and Sanaa Lifestyle's

1

money with an agreed upon profit margin. Singh individually and through Victor Rossi took the funds, failed to return the funds and failed to pay the agreed upon profit margin. Ahmad and Aijaz, individually, and through Sanaa Lifestyle, made numerous demands for proof that the designer fabrics and products were actually imported and sold, and for the return of their money and profit. Singh individually and through Victor Rossi, consistently made excuses as to where the funds were invested, and provided Ahmad, Aijaz, and Sanaa Lifestyle fake product orders and bank deposits. Plaintiffs seek monetary damages and other relief against the Defendants for the reasons set forth below.

## PARTIES

1. Plaintiff Sanaa Lifestyle Inc. is a privately held South Dakota corporation with its principal place of business in Great Falls, Virginia and is engaged in the business of importing and designing fabrics and products.

2. Sana Aijaz and Saif Ahmad are the only officers, directors, and shareholders of Sanaa Lifestyle Inc.

3. Plaintiff Sana Aijaz is a natural person and a citizen of the Commonwealth of Virginia.

4. Plaintiff Saif Ahmad is a natural person and a citizen of the Commonwealth of Virginia.

5. Defendant Victor Rossi is a Maryland corporation with its principal place of business in Stevenson, Maryland and engaged in the business of wholesale trade and business consulting services.

6. Upon information and belief Manish Singh is the sole owner, officer, director, and shareholder of Victor Rossi.

7. Defendant Manish Singh is a natural person and, upon information and belief, a citizen and resident of the state of Maryland.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over civil controversies of diversity jurisdiction where the amount in controversy exceeds $75,000 in accordance with 28 U.S.C. §1332.

9. Venue is proper in this case as this Court has *in personum* jurisdiction over Defendants in accordance with 28 U.S.C. §1391(b)(2) because they conducted business in this district and/or the events given rise to Plaintiffs' claims substantially occurred in this district.

## BACKGROUND AND FACTS

10. On or about September 16, 2016 Aijaz and Ahmad individually and through their company Sanaa Lifestyle (hereinafter collectively "Plaintiffs"), met with Singh individually and through his company Victor Rossi (hereinafter collectively "Defendants") to enter into a business relationship for the design, development, importing, and sale of fabrics from India for a share in the profits generated from the sales hereinafter the "Agreement".

11. Over the course of two years the Plaintiffs made numerous payments to the Defendants at the Defendants' insistence in the amount of $1,264,434.36 for the design, development, importing, and sale of fabrics and related services relating to the Agreement.

12. Over the course of two years the Defendants "reinvested" the Plaintiffs' money in the continued alleged design, development, importing, and sale of fabrics and related services relating to the Agreement without the Plaintiffs' consent.

13. Over the course of two years the Defendants provided to the Plaintiffs various emails, letters, correspondences, invoices, and pictures of the fabrics that were purportedly being

designed, developed, imported and sold with the Plaintiffs' funds in relation to the Agreement.

14. On or about March 22, 2018 the Plaintiffs' began making demands on the Defendants to return Plaintiffs' money along with the promised profit margin relating to the Agreement.

15. The Defendants told the Plaintiffs that the last fabric order was sold to B&J Fabrics ("B&J"), a New York company, however the funds provided by B&J were on hold due to an IRS audit.

16. On or about April 13, 2018 the Defendants provided screen shots of alleged bank deposit in the amount of $2,093,614.00 from B&J to show that Plaintiffs' money was in the Defendants' bank account awaiting the clearance of the funds, and that the Defendants would wire the funds to the Plaintiffs' bank account upon the funds clearing.

17. To date the Defendants' have never transferred any funds to the Plaintiffs.

18. The Plaintiffs attempted over the next several months to get the Defendants' to return the Plaintiffs' funds to no avail.

19. To date the Defendants have failed to return the Plaintiffs funds or provided the promised profit margin.

## COUNT I
### (Breach of Contract as to All Defendants)

20. The allegations of paragraph 1 through 19 are hereby incorporated by reference.

21. The Plaintiffs have performed all of their obligations under the Agreement with the Defendants.

22. The Defendants' conduct described herein constitutes breaches of the above described contractual obligations.

23. As a result of the Defendants' actions or inactions, Plaintiffs have suffered and are continuing to suffer irreparable injury and have incurred monetary damages in the amount of $1,833,000.00 exclusive of, interest, court costs, and attorney's fees.

### COUNT II
### (Actual Fraud as to All Defendants)

24. The allegations of paragraph 1 through 23 are hereby incorporated by reference.

25. The Defendants represented to the Plaintiffs that they would utilize the Plaintiffs' funds to design, develop, import, and resale fabric from India and share the profit with the Plaintiffs.

26. The Defendants further represented that they had in fact sold such fabric for a profit and were awaiting funds from the buyers.

27. The Defendants further represented that they had received funds from the buyers and that the IRS placed a hold on the funds.

28. The Defendants' representations in paragraph 25 through 27 were false ("representations").

29. The Defendants' false representations were material.

30. The Defendants' knew their representations were false.

31. The Defendants' intent was for the Plaintiffs to rely on the Defendants' false representations in order to obtain money from the Plaintiffs.

32. The Plaintiffs were ignorant that the Defendants' representations were false.

33. The Plaintiffs relied on the Defendants' false representations to provide funds to the Defendants.

34. The Plaintiffs were within their rights to rely on the Defendants' false representations.

35. The Plaintiffs were injured as a direct and proximate cause of the Defendants' false representations.

## COUNT III
### (Constructive Fraud as to All Parties)

36. The allegations of paragraph 1 through 35 are hereby incorporated by reference.

37. The Defendants represented to the Plaintiffs that they would utilize the Plaintiffs' funds to design, develop, import, and resale fabric from India and share the profit with the Plaintiffs.

38. The Defendants further represented that they had in fact sold such fabric for a profit and were awaiting funds from the buyers.

39. The Defendants further represented that they had received funds from the buyers and that the IRS placed a hold on the funds.

40. The Defendants' representations in paragraph 36 through 38 were false ("representations").

41. The Defendants' false representations were material.

42. The Defendants' knew their representations were false.

43. The Plaintiffs were ignorant that the Defendants' representations were false.

44. The Plaintiffs relied on the Defendants' false representations to provide funds to the Defendants.

45. The Plaintiffs were within their rights to rely on the Defendants' false representations.

46. The Plaintiffs were injured as a direct and proximate cause of the Defendants' false representations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

a. Enter a judgement in favor of the Plaintiffs for the compensatory damages incurred by them as a result of the Defendants' breaches of their Agreement with the Plaintiffs in the amount of $1,833,000.00 plus interest at the judgement rate from September 16, 2016 until paid;

b. Enter a judgement in favor of the Plaintiffs for compensatory damages incurred by them as a result of the Defendants' fraud, in the amount of $1,833,000.00 and punitive damages in the amount of $1,000,000.00 plus interest at the judgement rate from September 16, 2016 until paid or in the alternative;

c. Enter a judgement in favor of the Plaintiffs for compensatory damages incurred by them as a result of the Defendants' constructive fraud, in the amount of $1,833,000.00 and punitive damages in the amount of $1,000,000.00 plus interest at the judgement rate from September 16, 2016 until paid;

d. Award Plaintiffs their costs and attorneys' fees incurred in connection with this action; and

e. Award Plaintiffs such other relief as this Court may deem just and proper.

Dated May 8, 2019.

                    Respectfully submitted,

                    **Heidt Law Firm, PLLC**
                    *Attorney for Plaintiffs Sanaa Lifestyle Inc., Sana Aijaz, and Said Ahmad*

                    /s/ Alex R. Heidt

                    Alex R. Heidt (VSB No. 48372)
                    11230 Waples Mill Rd.
                    STE 105
                    Fairfax, VA 22030
                    Telephone: (703) 567-7903
                    Fax: (703) 563-6312
                    alexheidt@heidtlawfirm.com

CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of May 2019 a true copy of this these documents were sent by U.S. pre-paid postage first class mail to:

Manish Singh
48 Acorn Circle Apt. 102
Towson, MD 21286

Victor Rossi
Attn: Manish Singh
11016 Nacirema Lane
Stevenson, MD 21153

    Respectfully submitted,

    **Heidt Law Firm, PLLC**
    *Attorney for Plaintiffs Sanaa Lifestyle Inc., Sana Aijaz, and Said Ahmad*

    /s/ Alex R. Heidt

    Alex R. Heidt (VSB No. 48372)
    11230 Waples Mill Rd.
    STE 105
    Fairfax, VA 22030
    Telephone: (703) 567-7903
    Fax: (703) 563-6312
    alexheidt@heidtlawfirm.com